**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Minsoo Sohn<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>Kominox USA, Inc. and Yoonkon Yang<br><br>　　　　　　　　　　Defendants, | Index No. 21-cv-17526<br><br>**COMPLAINT** |

Plaintiff Minsoo Sohn (hereinafter referred to as "Plaintiff"), by and through his attorney, Ryan Kim, P.C., hereby brings this complaint against Defendants Kominox USA, Inc. and Yoonkon Yang, and allege as follows:

## INTRODUCTION

1. This action is brought by Plaintiff Minsoo Sohn, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 et seq., New Jersey Wage and Hour Law (NJWHL), and New Jersey Wage Payment Law ("NJWPL") arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and practices.

2. Upon information and belief, Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA, NJWHL, and NJWPL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorney's fees and cost.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and has supplemental jurisdiction over the NJWHL claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

6. Plaintiff Minsoo Sohn started his work at Kominox USA, Inc.(hereinafter "KUI") on or about June 15, 2017, and his last day of work was August 13, 2021.

## DEFENDANTS

*Corporate Defendant*

7. KUI is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 100 Asia Pl. Carlstadt, NJ 07072.

8. KUI is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

9. KUI is an agency company that is representing and proceding the application process for US Food and Drug Administration Drug Approval on behalf of pharmaceutical companies in Korea and Australia.

10. KUI provided services in interstate commerce.

*Owner/Operator Defendant*

11. YOONKON YANG known as Bossi Owner to Plaintiff and License holder of appearance Enhancement Business KUI, (1) had the power to hire and fire employees, (2)

supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at KUI.

12. YOONKON YANG hired Plaintiff.

13. YOONKON YANG fired Plaintiff.

14. YOONKON YANG paid Plaintiff.

15. YOONKON YANG actively managed KUI.

16. YOONKON YANG resides in the State of New Jersey, Bergen County.

17. YOONKON YANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, and the regulations thereunder, and is jointly and severally liable with KUI.

## STATEMENT OF FACTS

18. Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against Plaintiff.

19. At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

20. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

21. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

22. Upon information and belief, Defendants failed to keep full and accurate records in order: to mitigate liability for their wage violations.

23. Defendants did not post the required New Jersey State Department of Labor posters regarding minimum wage pay rates, overtime pay, and payday.

24. Plaintiff started his work at KUI on or about June 15, 2017, and his last day of work was August 13, 2021.

25. He was an office clerk who handled the company's paper works and communicated with client companies in Korea and Australia.

26. From June 15, 2017, until the end of 2017, Plaintiff began his work at 8 a.m. and ended at 8 p.m. for 6 days a week from Monday through Saturday. On Sundays, he went to Yang's house and did gardening, lawnmowing, and helping Yang for remodeling Yang's house.

27. From January 2018, Yang threatened Mr. Sohn with dismissal if he did not work overnights. Yang told Plaintiff that the previous employee worked overnight and slept in the office.

28. For six days per week, Plaintiff reported to work at 9:00 a.m. and worked until 8:00 p.m. Then he went home, had dinner, and returned to the office to work. He needed to work until 12:30~1:30 a.m. Then he drove defendant Yang to bars. On Sundays, he needed to go grocery shopping for his boss, to clean the boss's house, to mow the lawn, to clean snow, to do construction work for the boss's house remodeling. Plaintiff did all kinds of errands that his boss ordered him. Also, Plaintiff was directed to clean the snow for Yang's relative's house in Riverdale.

29. Often Mr. Yang forced Plaintiff to work over night without going home.

30. Mr. Yang ordered Plaintiff to do his girlfriend's homework, to give her a ride, to go grocery shopping for her. Sometimes, Mr. Sohn needed to attend her online classes and explain the class to her as well.

31. From March 2020 until his separation from Defendants, he worked from 9 a.m. until 7~9 p.m., had dinner, and worked until 11 p.m. or 12 a.m.

4

32. During the pandemic, Yang's girlfriend had online classes so Plaintiff had to have dinner with Yang and Yang's girlfriend at 9 p.m. Plaintiff and Yang came back to the office and worked until midnight. After work, he gave Yang a ride to bars.

33. Whenever he tried to take the weekends off, his boss yelled at him, humiliated him, and called him a loser.

34. During Plaintiff's employment period, Yang often hit Plaintiff's butt or the back of his head.

35. Initially, Plaintiff was paid $1,100 semi-monthly after tax deduction, and later Plaintiff was paid $1,375.00 semi-monthly regardless of the hours he worked in a day or a week.

36. Plaintiff had not been compensated any overtime wage for the hours he worked in access of 40 hours per workweek during his employment period.

37. Throughout his employment, Plaintiff was not given a statement with his semi-monthly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each payday.

38. Throughout his employment, Plaintiff Minsoo Sohn was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violation of the Fair Labor Standards Act-Failure to Pay Minimum Wage]

39. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

40. The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

41. At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

42. During the applicable statute of limitations, Defendants have failed to pay Plaintiff the federally mandated minimum wage for all hours worked.

43. Plaintiff does not or did not perform job duties or tasks that permit him to be exempt from a minimum wage as required under the FLSA.

44. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

45. Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable workweek, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

46. Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II.
### [Violations of the Fair Labor Standards Act-Failure to Pay Overtime]

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

48. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

49. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of his unpaid overtime compensation, and an additional equal amount as liquidated damages. 29 USC § 216(b).

50. Defendants' failure to pay Plaintiff his overtime pay violated the FLSA.

51. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff or all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(I) and 215(a).

52. The FLSA and supporting regulations required employers to notify employees of employment law to require employers to notify employment law requirements. 29 C.F.R. § 516.4.

53. Defendants willfully and maliciously failed to notify Plaintiff of the requirements of the employment laws in order to facilitate his exploitation of Plaintiff's labor.

54. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

**COUNT III.**
**[Violation of New Jersey Wage and Hour Law-Failure to Pay Minimum Wage]**

55. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

56. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

57. Defendants intentionally and willfully failed to pay and refused to pay Plaintiff minimum wages, in violation of New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.7, the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, and the New Jersey Wage and Hour Regulations, N.J.A.C. § 12:56-1.2(a)6.

## COUNT IV.
### [Violation of New Jersey Wage and Hour Law-Failure to Pay Overtime]

58. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59. An employer who fails to pay their employees' wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to two hundred percent (200%) thereafter under New Jersey Wage and Hour Law, 34:11-56, 58.

60. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff.

61. Defendants' failure to pay Plaintiff his overtime pay violated the NJWHL.

62. Defendants' failure to pay Plaintiff was not in good faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment providing the following relief:

a)  A declaratory judgment that the practices complained of herein are unlawful

under FLSA, New Jersey Wage and Hour Law, and New Jersey Wage Payment Law;

      b)     An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

      c)     An award of unpaid minimum wage and overtime wages due under FLSA and New Jersey Wage and Hour Law due Plaintiff plus compensatory and liquidated damages in the amount of two hundred percent (200%) thereafter under New Jersey Wage Theft Act;

      d)     An award of liquidated and/or punitive damages as a result of Defendants' knowing, willful, and malicious failure to pay overtime compensation pursuant to 29 U.S.C. §216;

      e)     An award of liquidated and/or punitive damages as a result of Defendants' willful and malicious failure to overtime compensation pursuant to New Jersey Wage and Hour Law;

      f)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

      g)     The cost and disbursements of this action;

      h)     An award of prejudgment and post-judgment fees;

      i)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiff demands a trial by jury on all questions of facts.

Respectfully submitted,

          /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law
222 Bruce Reynolds Blvd
Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO: YOONKON YANG

  PLEASE TAKE NOTICE, that pursuant to the provisions of New Jersey Wage Payment Law, you are hereby notified that Plaintiff Minsoo Sohn intends to charge you and hold you personally liable, jointly and severally, as an officer of the:

KOMINOX USA, INC.,

for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporations for services performed by them for the said corporations within the three (3) years preceding the date of this notice and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: September 24, 2021
   Fort Lee, NJ

               Ryan Kim Law, P.C.
               *Attorneys for Plaintiff*

               */s/ Ryan Kim*
               Ryan Kim
               222 Bruce Reynolds Blvd. Suite 490
               Fort Lee NJ 07024
               Tel: (718) 573-1111
               Email: ryan@ryankimlaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff(s) hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If the defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demand that the Defendants request that such a third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*/s/ Ryan Kim*
Ryan Kim
222 Bruce Reynolds Blvd. Suite 490
Fort Lee NJ 07024
Tel: (718) 573-1111
Email: ryan@ryankimlaw.com

## **NOTICE OF LIEN AND ASSIGNMENT**

      Please be advised that we claim a lien upon any recovery herein" for ONE THIRD (1/3) or such amount as a court award. All rights relating to attorney's fees have been assigned to counsel.

                                                  */s/ Ryan Kim*
                                                  Ryan Kim
                                                  222 Bruce Reynolds Blvd. Suite 490
                                                  Fort Lee NJ 07024
                                                  Tel: (718) 573-1111
                                                  Email: ryan@ryankimlaw.com

# Settlement under the table is <u>prohibited</u> by the law.



> **Once a wage-and-hour case is filed in the Federal District Court, any settlement must be reviewed by the Court and approved as fair and reasonable by the Judge under *Cheeks v. Pancake House, Inc.***

# <u>Consult your attorney.</u>