UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINSOO SOHN,<br><br>      Plaintiff,<br><br>v.<br><br>KOMINOX USA, INC., *et al.*,<br><br>      Defendants. | Case No. 21–cv–17526–KSH–ESK<br><br>OPINION AND ORDER |

**KIEL, U.S.M.J.**

      **THIS MATTER** having come before the Court on the motion (Motion) by defendant Yoonkon Yang pursuant to Federal Rules of Civil Procedure 13(a), 13(b), and 15 for leave to assert counterclaims against plaintiff Minsoo Sohn for unjust enrichment and breach of contract (ECF Nos. 17, 19, 22, 24, 26);[1] and Sohn having opposed the Motion (ECF No. 27); and Yang having filed a reply in further support of the Motion (ECF No. 28); and the Court finding:

      1.    From 2017 to 2021, Sohn was employed by defendant Kominox USA, Inc. (Kominox) and was supervised by Yang (collectively, defendants). (ECF No. 2 ¶¶ 6, 11–15; *see also* ECF No. 8 ¶¶ 11–15 (Yang admitting supervisory role).) Sohn brought this case on September 24, 2021, alleging that defendants failed to pay him minimum and overtime wages during the course of his employment in violation of the Fair Labor Standards Act (FLSA) and related New Jersey state statutes. (ECF No. 2 ¶¶ 39–62.) Defendants filed an answer without asserting counterclaims on November 17, 2021. (ECF No. 8.) Pursuant to my order dated January 26, 2022, the parties had until May 25, 2022 to move to amend their pleadings. (ECF No. 13.) On May 16, 2022, Yang initially filed the Motion. (ECF No. 17.)

      2.    Yang seeks to assert against Sohn one counterclaim for unjust enrichment and one counterclaim for breach of contract. Yang alleges that "[d]uring the pendency of [Sohn's] employment with Kominox[,] Yang … personally loaned [Sohn] the total sum of $42,501.00" between June 2017 and January 2021, and that "[d]espite agreement to the contrary and promise to

---

[1] A review of the reasons for Yang's multiple submissions in support of the Motion is not necessary for the purposes of my determination here.

prepay the loans, [Yang] has to the date of this claim failed to make repayment of any of these loans to Yang." (ECF No. 17-2 ¶¶ 1, 2.)

3. Sohn and Yang are New Jersey citizens. (ECF No. 1-1 (Sohn's civil cover sheet); ECF No. 2 ¶ 16 (alleging Yang is a New Jersey citizen); ECF No. 8 ¶ 16 (Yang admitting same).) Sohn and Yang are not of diverse citizenship, and the proposed counterclaims neither present a matter in controversy exceeding the value of $75,000 nor set forth a federal claim. As a result, the Court does not independently possess subject-matter jurisdiction over the counterclaims. *See* 28 U.S.C. §§ 1331, 1332(a).

4. However, I may determine whether Yang's proposed counterclaims may proceed as either: (a) compulsory counterclaims; or (b) permissive counterclaims subject to the exercise of supplemental jurisdiction due to a common nucleus of operative facts with Sohn's claims. *See* Fed.R.Civ.P. 13(a), (b); 28 U.S.C. § 1367. The standard for that determination is well-settled in the District of New Jersey, and need not be restated here. *See Fonti v. Health Pros. & Allied Emps.*, No. 13-04231, 2017 WL 1197759, at *14 (D.N.J. Mar. 31, 2017); *Troncone v. Velahos*, No. 10-02961, 2012 WL 3018061, at *6–7 (D.N.J. July 23, 2012); *see also Mobely v. Merakey Allegheny Valley Sch.*, No. 20-01288, 2021 WL 2141535, at *3 (W.D. Pa. May 26, 2021).

5. I find that Yang's proposed counterclaims are not compulsory within this civil action, and thus they may not proceed on that ground. The counterclaims for breach of contract and unjust enrichment are based on Sohn's alleged failure to pay back loans made by Yang. They "do not arise out of the same transaction or occurrence that is the subject matter of [Sohn's] claim of violations of the FLSA and [New Jersey state law] (i.e., failure to pay overtime [and] minimum wage…) [and] [a]ccordingly, the counterclaims are not compulsory." *Troncone*, 2012 WL 3018061, at *6 (finding same in employee's case concerning FLSA and related state law violations brought against employer, wherein employer attempted to assert a counterclaim based on employee's conduct that was unconnected to employee's compensation).

6. In addition, I find that Yang's proposed counterclaims may not proceed as permissive counterclaims. Those counterclaims concern the alleged failure to pay back loans, and they "are not sufficiently factually related to [Sohn's] claims," because "[t]o substantiate these counterclaims, [Yang] would need additional evidence, as there is little evidentiary overlap between the counterclaims and [Sohn's] original claim." *Id.* at *7. In fact, "[t]he only connection between the original claim and the counterclaims is the employee/employer relationship, which does not satisfy the test for supplemental jurisdiction," because "the

conduct underlying the counterclaims differs from the conduct in [Sohn's] original claim." *Id.*

7. My conclusion here is far from unique, as reflected in several FLSA cases brought by employees in other district courts wherein employers attempted to assert counterclaims against the employees for failing to pay back loans or to resolve debts. Those types of counterclaims have been consistently rejected in the context of FLSA cases because they were not linked to issues concerning the employees' statutorily-required compensation, and thus the employers were improperly characterizing such counterclaims as compulsory or permissive. *See Folta v. Norfork Brewing Co.*, No. 21-03038, 2022 WL 584302, at *1–2 (W.D. Ark. Feb. 25, 2022) (in FLSA case, dismissing employer's breach-of-contract counterclaim for employee's failure to repay loan to buy a truck); *Rice v. Island Home & Props., LLC*, No. 21-01835, 2022 WL 356204, at *2–4 (M.D. Fla. Feb. 7, 2022) (in case for FLSA violations over a ten-year period, dismissing employer's unjust-enrichment counterclaim for employee's failure to repay money owed for rent and utilities at employer-provided housing); *Allbert v. Vickers Concrete Reinforcing, Inc.*, No. 20-00015, 2021 WL 1646768, at *2–3 (E.D. Tenn. Feb. 11, 2021) (dismissing breach-of-contract counterclaim for employee's failure to pay back loan); *Bautista v. The Disc. Warehouse, Inc.*, No. 15-24206, 2016 WL 1028358, at *1–2 (S.D. Fla. Mar. 15, 2016) (dismissing counterclaim for employee's breach of promissory note with employer's corporate officer*); Cruz v. Don Pancho Mkt., LLC*, 167 F.Supp.3d 902, 905–07 (W.D. Mich. 2016) (dismissing breach-of-contract counterclaim for employee's failure to pay back loan); *Johnson v. Ctr. Techs., Inc.*, No. 10-02180, 2010 WL 11652394, at *2–3 (S.D. Tex. Sept. 29, 2010) (same).

8. Therefore, Yang's

> argument that the claim for repayment of a loan between employee and employer is related to [an employee's] claim that the employer is in violation of state and federal labor standards, is meritless … [because] [t]he claim and counterclaim[s] will present entirely different legal, factual, and evidentiary questions. The primary concerns involved with the plaintiff['s] complaint will be whether defendant has violated state and federal labor laws…. The defendant's counterclaim, however, involves general factual issues of whether a loan was transacted and whether repayment is still owing.
>
> The facts surrounding the loan have no logical relationship to the facts that need to be proven to demonstrate a violation of labor laws. In order to succeed on the counterclaim the

3

> defendant will need to demonstrate … the existence and terms of a contract. These facts have nothing, whatsoever, to do with plaintiff['s] underlying claims…. The only connection the claims have is that they occurred in the employment context[, which] is insufficient.

*Wagner v. E. Coast Growers*, No. 91-03714, 1991 WL 198557, at *2 (E.D. Pa. Sept. 30, 1991) (dismissing employer's counterclaim seeking repayment of loan in FLSA case brought by employee).

9. I have not addressed the merits of Yang's proposed counterclaims. As a result, Yang is not barred from attempting to pursue claims against Sohn for breach of contract and unjust enrichment in another forum.

Accordingly,

**IT IS** on this **21st** day of **July 2022 ORDERED** that:

1. The Motion is **DENIED**.

2. The Clerk of the Court is directed to terminate ECF No. 22.

                                         */s/ Edward S. Kiel*
                                         **EDWARD S. KIEL**
                                         **UNITED STATES MAGISTRATE JUDGE**