# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MINSOO SOHN,**<br><br>   **Plaintiff,**<br><br>  v.<br><br>**KOMINOX USA, INC.,** *et al.,*<br><br>   **Defendants.** | Case No. 21–cv–17526–KSH–ESK<br><br><br>OPINION AND ORDER |

**KIEL, U.S.M.J.**

  **THIS MATTER** having come before the Court on plaintiff Minsoo Sohn's motion for leave to file a second amended complaint: (1) to add Komipharm International Co., Ltd. (Komipharm), Kominox Inc. (KMI), and Yong Jin Yang as defendants, and (2) to amend certain allegations (ECF No. 52); and defendants Kominox USA, Inc. (Kominox) and Yoonkon Yang having filed opposition to the motion (ECF No. 57);[1] and Sohn not filing a reply; and the Court finding:

  1. As set forth in the amended complaint filed by Sohn on September 24, 2021, Sohn was employed from June 2017 to August 2021 as "an office clerk who handled [paperwork] … and communicated with client companies in Korea and Australia" by Kominox, which is owned and operated by Yoonkon Yang. (ECF No. 2 pp. 2–4, 11.)[2] According to Sohn, in addition to the clerk duties that he performed six days a week for at least 12 hours a day, he: (a) was expected to perform gardening, lawnmowing, snow clearance, cleaning, grocery shopping, and construction at Yoonkon Yang's residence on Sundays; (b) was expected to work overnight and sleep in his office at various times; (c) acted as Yoonkon Yang's driver for Yoonkon Yang's social outings; (d) was expected to perform various favors for Yoonkon Yang's alleged girlfriend; and (e) experienced physical and mental abuse by Yoonkon Yang. (*Id.* pp. 4–5.) Sohn alleges that Kominox and Yoonkon Yang compensated him with less than minimum wages and

---

  [1] Defendant Yoonkon Yang has been listed in the amended complaint, in the answer, and in a motion subsequently filed on his behalf. (ECF Nos. 2, 8, 22.) Sohn has alternatively spelled Yoonkon Yang's name as Yoon Gon Yang (ECF No. 38) and as Yoonjkon Yang. (ECF No. 46 p. 1; ECF No. 52 p. 1.)

  [2] Sohn filed an amended complaint on the same day as the original complaint. (ECF Nos. 1, 2.)

deprived him of overtime wages in violation of the Fair Labor Standards Act, the New Jersey Wage and Hour Law, and the New Jersey Wage Payment Law in view of the excessive hours that he was forced to work.  (*Id.* pp. 1, 5–12.)

2. On January 20, 2022, Sohn, Kominox, and Yoonkon Yang submitted a joint discovery plan, wherein the parties agreed that "[f]actual discovery [was] to be completed by April 25, 2022," and "[m]otions to [a]mend or to [a]dd [p]arties [were] to be filed by May 25, 2022."  (ECF No. 12 p. 2.)  I conducted an initial scheduling conference on January 25, 2022, and counsel for Sohn was in attendance.  (ECF No. 13 p. 1 (introductory paragraph).)  On January 26, 2022, I issued an initial scheduling order (January 2022 Order), wherein I adopted the agreed-upon deadlines for: (a) fact discovery; and (b) adding new parties and amending the pleadings (Amendment Deadline).  (*Id.* ¶¶ 4, 5 (providing "[f]act discovery is to remain open through April 25, 2022," and "[m]otions to add new parties, whether by amended or third-party complaint, and motions to amend pleadings must be filed no later than May 25, 2022").)

3. I conducted a status conference on May 3, 2022.  (ECF No. 16 p. 1 (introductory paragraph).)  In response to a joint letter request filed by Sohn, Kominox, and Yoonkon Yang on April 25, 2022 (ECF No. 14), I extended the deadline to conduct fact discovery to June 30, 2022.  (ECF No. 16 ¶ 2.)  No request to extend the Amendment Deadline was made, and I granted no such extension.

4. Yoonkon Yang filed a motion for leave to file a counterclaim (Counterclaim Motion) against Sohn on May 16, 2022, *i.e.*, before the Amendment Deadline.  (ECF No. 17.)  I initially denied the Counterclaim Motion on May 23, 2022 without prejudice for reasons that did not address the merits, but I granted Yoonkon Yang leave to file a corrected motion.  (ECF No. 20.)  Yoonkon Yang refiled the Counterclaim Motion on June 23, 2022 (ECF No. 22), and I denied it on the merits on July 21, 2022.  (ECF No. 29.)  While the issues concerning the refiling and the resolution of the Counterclaim Motion were pending, Sohn, Kominox, and Yoonkon Yang filed a joint request on June 20, 2022 to extend the fact-discovery deadline to August 31, 2022.  (ECF No. 21.)  I granted that request on July 5, 2022.  (ECF No. 25.)  No request to extend the Amendment Deadline was made, and I granted no such extension.

5. I conducted status conferences on July 22, 2022 and on November 1, 2022.  (ECF Nos. 30, 34.)  Sohn, Kominox, and Yoonkon Yang submitted a joint status letter on October 28, 2022 stating they "[we]re not contemplating filing any motions at this time," even though "[b]oth parties nonetheless reserve[d] the right to file motions as the case goes forward" (ECF No. 36 p. 3), but no request to extend the Amendment Deadline was made and I granted no such extension.

Following the November 1, 2022 conference, I scheduled a status conference for January 25, 2023. (ECF No. 37.)

6. On December 16, 2022, seven months after the Amendment Deadline had lapsed, Sohn filed a letter request (December Letter Request) to file a second amended complaint: (a) to add only Komipharm and Yong Jin Yang as defendants in order to assert new claims against them for tacitly approving of the violative conduct directed toward Sohn by Kominox and Yoonkon Yang; and (b) to expand upon the allegations concerning the number of hours that he worked. (ECF No. 38.) Sohn did not request to extend the Amendment Deadline as part of the December Letter Request. (*Id.*) By an order filed on December 20, 2022 (December 2022 Order), I denied the December Letter Request without prejudice because it did not conform with the requirements of the Federal and Local Civil Rules, and I directed Sohn to attempt to file a proper motion by December 27, 2022. (ECF No. 39.) In response to Sohn's letter request filed on December 27, 2022 (ECF No. 40), I extended the time to comply with the December 2022 Order to January 10, 2023. (ECF No. 41.)

7. On January 10, 2023, Sohn filed a purported motion for leave to file a second amended complaint (First January Motion To Amend) to, among other things, add only Komipharm and Yong Jin Yang as defendants, but Sohn did not request to extend the Amendment Deadline. (ECF No. 43.) On January 12, 2023, I administratively terminated the First January Motion To Amend because it did not conform with the requirements of the Local Civil Rules. (ECF No. 45.) Sohn filed a new motion for leave to file a second amended complaint on January 16, 2023 (Second January Motion To Amend) to, among other things, add only Komipharm and Yong Jin Yang as defendants. (ECF No. 46.) Between December 16, 2022 and January 16, 2023, including within Sohn's papers submitted in support of the Second January Motion To Amend (*id.*), Sohn did not request to extend the Amendment Deadline. However, Sohn requested on January 10, 2023 to extend the deadline to conduct fact discovery to March 31, 2023. (ECF No. 42.) I granted that request on January 11, 2023. (ECF No. 44.)

8. In preparation for the January 25, 2023 status conference, Sohn, Kominox, and Yoonkon Yang filed a joint status letter on January 20, 2023. (ECF No. 48.) Sohn did not request to extend the Amendment Deadline in that letter. (*Id.*)

9. I conducted the January 25, 2023 status conference on the record. (ECF No. 53.) There was a discussion concerning the amount of time that had elapsed between the filing of the amended complaint, *i.e.*, September 2021, and the first attempt to file a second amended complaint, *i.e.*, December 2022. (*Id.* pp. 10, 11.) I also pointed out that the Second January Motion To Amend did not

comply with Local Civil Rule 15.1 concerning the provision of a version of the proposed second amended complaint wherein all changes were to be accurately redlined.  (*Id.* pp. 8, 13, 14.)   On that same date, I issued a text order directing Sohn to file a proper redlined version of the proposed second amended complaint. (ECF No. 49.)   Sohn filed a revised redlined version on February 2, 2023 that once again did not comply with the Local Civil Rules, and I administratively terminated the Second January Motion To Amend on February 8, 2023.   (ECF No. 50; ECF entry following ECF No. 51.)

10.  Sohn filed a new motion for leave to file a second amended complaint on February 14, 2023 (February Motion To Amend) to, among other things, add Komipharm, Yong Jin Yang, and — for the first time — KMI as defendants. (ECF No. 52.)   Sohn did not request to extend the Amendment Deadline.  (*Id.*) On February 21, 2023, I directed Kominox and Yoonkon Yang to file their opposition to the February Motion To Amend, and they did so on March 1, 2023. (ECF Nos. 54, 57.)   Sohn did not file a reply.

11.  Sohn argues in his supporting brief that: (a) KMI "owns 100%" of Kominox, Komipharm "owns 40%" of KMI, Komipharm "technically … owns 40%" of Kominox, and KMI "is a paper company and it does not have any employees of its own"; (b) Yong Jin Yang is the chief executive officer of Komipharm; (c) "[t]he newly added defendants are direct[ly] related entit[ies] with the existing one and in fact they are joint employers so they are already well aware of [the] pendency of this suit"; (d) Sohn "worked closely with both individual defendants and the corporate defendants jointly employed plaintiff"; (e) Sohn's delay in seeking leave to file a second amended complaint occurred because he "was unconsciously blocking things that took place during his employment," he "experienced … Post Traumatic Stress Disorder," and he was "brainwash[ed] … and it took some time to recover"; and (f) Kominox and Yoonkon Yang "distract[ed]" Sohn by filing the Counterclaim Motion and by subsequently asserting those failed counterclaims as part of a separate action in state court.   (ECF No. 52-1 pp. 4–6; *see* ECF No. 52-2 p. 5 (Sohn asserting in the proposed second amended complaint that he performed work for Komipharm).)

12.  Although not raised by Sohn in the supporting brief, the proposed second amended complaint identifies Yong Jin Yang as Yoonkon Yang's father. (ECF No. 52-3 ¶ 8.)   In addition, although not emphasized by Sohn in the supporting brief, Sohn seeks in the proposed second amended complaint to amend the allegations concerning the manner in which he was hired by Yoonkon Yang, his working hours, the amount of socializing he was required to engage in with Yoonkon Yang, the number of chores he was required to perform at Yoonkon Yang's residence, and the financial deprivations he suffered due to the wage and overtime violations perpetrated by Yoonkon Yang.   (ECF No. 52-3 pp. 7–21.)

4

13.    I also note that Sohn failed to highlight that he seeks to add KMI as a defendant in the February Motion To Amend, even though he did not list KMI in the December Letter Request, the First January Motion To Amend, and the Second January Motion To Amend.  (*Compare* ECF No. 52, *with* ECF Nos. 38, 43, 46.)  The February Motion To Amend itself: (a) lacks a request for leave to add KMI as a defendant after KMI had not been raised as a potential defendant previously; and (b) does not explain or provide an excuse for Sohn's failure to list KMI in the three previous attempts.

14.    In opposition, Kominox and Yoonkon Yang posit that the proposed second amended complaint still alleges that only Kominox and Yoonkon Yang oversaw Sohn's hiring, employment, and treatment within and outside of the office.  (ECF No. 57 p. 6.)  Kominox and Yoonkon Yang also argue that the lapse of time between the filing of the amended complaint and Sohn's request for leave to file the proposed second amended complaint is unreasonable and prejudicial. (*Id.* p. 9.)

15.    Sohn's first attempt to seek leave to file a second amended complaint was filed in December 2022, which was well after the May 2022 Amendment Deadline set forth in the January 2022 Order.  (ECF Nos. 13, 38.)  As a result, Sohn must satisfy the requirements of Federal Rule of Civil Procedure (Rule) 16 before the requirements of Rule 15 can even be considered.  *See Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) (holding that "when a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of [Rule 16] applies," and a "party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard"); *Adams v. Republic Servs., Inc.*, No. 12-00267, 2014 WL 12610152, at *2 (D.N.J. Sept. 16, 2014) (holding same); *see also Moses v. Gusciora*, No. 18-14762, 2021 U.S. Dist. LEXIS 45023, at *4 (D.N.J. Mar. 8, 2021) (holding "if the moving party is unable to demonstrate good cause, the Court will deny the motion and will not proceed to a Rule 15 analysis" (internal quotation marks, alterations, and citations omitted)).

16.    Pursuant to Rule 16, the January 2022 Order "may be modified only for good cause and with the judge's consent."  Fed.R.Civ.P. 16(b)(4).  A finding of good cause depends upon an assessment of Sohn's "diligence" as the movant, and he "must show that the deadlines [could not] be reasonably met despite [that] diligence."  *Morel v. Goya Foods, Inc.*, No. 20-05551, 2022 WL 3369664, at *2 (D.N.J. Aug. 16, 2022) (internal quotation marks and citations omitted); *see Konopca v. FDS Bank*, No. 15-01547, 2016 WL 1228844, at *2 (D.N.J. Mar. 29, 2016) (holding that to demonstrate good cause, the movant must show that more diligence was "impossible").  The good-cause standard under Rule 16 "is not a low threshold," because "[d]isregard for a scheduling order undermines the court's

5

ability to control its docket, disrupts the agreed-upon course of the litigation, and rewards the indolent and cavalier." *Morel*, 2022 WL 3369664, at *2 (internal quotation marks and citations omitted). Only if good cause is demonstrated will an analysis under Rule 15 then proceed, under which "a party may amend its pleading only with the opposing party's written consent or the court's leave," and under which "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2); *see Morel*, 2022 WL 3369664, at *2.

17. Sohn was well-aware of the basis for adding Komipharm, KMI, and Yong Jin Yang as defendants and for amending his allegations long before he filed the December Letter Request. Sohn allegedly: (a) had worked directly for the proposed new defendants; and (b) had experienced the violative conduct perpetrated by the current defendants and the proposed new defendants during the same time period as the events already alleged in the amended complaint. (*See generally* ECF No. 52.) Sohn could have easily sought to extend the Amendment Deadline simultaneously with the multiple requests to extend the fact-discovery deadline, but Sohn failed to do so. *See Wright v. Cnty. of Camden*, No. 21-13158, 2022 WL 3536013, at *1, *5 (D.N.J. Aug. 18, 2022) (denying motion to add new defendant filed seven months after amendment deadline had lapsed based on lack of good cause under Rule 16 as plaintiff did not seek to extend deadline during three subsequent status conferences, and as "the facts underlying the proposed amendment … appear to have been evident since the outset of discovery, or at the very least, well prior to the deadline to amend the pleadings"); *Liberty Stone & Aggregates – Clinton Quarry, LLC v. Penn Jersey Mach., LLC*, No. 19-09911, 2020 WL 6523451, at *1, *2 (D.N.J. Nov. 5, 2020) (denying late motion to add proposed defendant based on lack of good cause under Rule 16 as plaintiff had been aware of proposed defendant's liability long before amendment deadline lapsed, and noting plaintiff failed to request to extend deadline even though: (a) three discovery extensions had been requested and granted; and (b) eight status updates had been filed).

18. Sohn has not shown good cause under Rule 16 to permit these amendments at this juncture since he "had knowledge of [the] potential claim[s] at the outset of the litigation, [and] was in possession of the information which formed the basis for the potential claim prior to the amendment deadline." *Adams*, 2014 WL 12610152, at *2 (citations omitted) (denying a late motion to amend); *see Joy v. Perez*, No. 10-01636, 2011 WL 221700, at *4, *5 (D.N.J. Jan. 21, 2011) (denying motion to add proposed defendants filed one month after deadline to do so based on the absence of good cause, because plaintiff "knew of the existence of the proposed parties and the facts forming a basis for the proposed claims well before [the deadline to move to amend]").

6

19. Sohn's argument that he was unable to present these new allegations for the five months between the January 2022 Order and the Amendment Deadline of May 25, 2022 because he experienced brainwashing during his employment and suffered from post-traumatic stress disorder is without merit. *See Ramirez v. World Mission Soc'y Church of God*, No. 14-01708, 2020 WL 3542345, at *2, *5 (D.N.J. June 30, 2020) (denying late motion to amend under Rule 16, and rejecting argument that plaintiff was unable to allege the proposed new claims sooner because plaintiff had been "brainwashed" by defendants). Sohn's employment with Kominox ended in August 2021, and surely he could have summoned the wherewithal either to assert his additional claims nine months later in May 2022 or to ask his attorney to seek to extend the Amendment Deadline to allow him to comfortably relay those claims. Sohn certainly demonstrated such wherewithal by instituting this lawsuit in September 2021, one month after his employment at Kominox had ended. (ECF No. 1.) Furthermore, the argument that Kominox and Yoonkon Yang "distracted" Sohn by engaging in litigation and filing the Counterclaim Motion is without merit. When the moving "party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent." *Price v. Trans Union, LLC*, 737 F.Supp.2d 276, 280 (E.D. Pa. 2010).

20. Furthermore, Sohn was presented with at least nine opportunities over the course of ten months before filing the February Motion To Amend to request to extend the Amendment Deadline, yet he failed to do so. (*See* ECF No. 14 (joint letter filed April 25, 2022); ECF No. 21 (joint letter filed June 20, 2022); ECF No. 36 (joint letter filed October 28, 2022); ECF No. 38 (December Letter Request); ECF No. 40 (Sohn's letter filed December 27, 2022); ECF No. 42 (Sohn's letter filed January 10, 2023); ECF No. 43 (First January Motion To Amend); ECF No. 46 (Second January Motion To Amend); ECF No. 48 (joint letter filed January 20, 2023).)

21. As a result, the February Motion To Amend is denied for Sohn's failure to meet the requirements of the Rule 16 standards. *See Napolitano v. Ragan & Ragan PC*, No. 15-02732, 2017 WL 278475, at *3 (D.N.J. Jan. 20, 2017) (denying motion to amend filed after amendment deadline had elapsed for lack of good cause under Rule 16, and holding plaintiff's argument that "she anticipated and expected an extension of the deadline for amending the pleadings" when discovery extensions had been granted was without merit); *Adams*, 2014 WL 12610152, at *1 (denying motion to amend complaint filed after deadline had expired, and noting discovery deadline had been extended four times without any party seeking to extend amendment deadline).

7

22.     Sohn's argument that Komipharm, Yong Jin Yang, and KMI were on notice of the new potential claims given their close connections to Yoonkon Yang and Kominox (ECF No. 52-1 p.6) is without merit.  *See Kitko v. Young*, 575 F.App'x 21, 28 (3d Cir. 2014) (affirming district court's rejection of argument to add proposed defendants who supposedly "knew, or should have known, of th[e] lawsuit" based upon a common interest with the named defendants, because "[t]hat is not nearly enough").  It is "irrelevant whether or not [a potential] [d]efendant was on notice of the purported claim [because a plaintiff] … cannot amend the pleadings by merely putting [a potential] [d]efendant on notice of a purported claim without amending the pleadings to assert same."  *Adams*, 2014 WL 12610152, at *3; *see Penn Jersey Mach., LLC*, 2020 WL 6523451, at *2 (rejecting plaintiff's argument "that [an] amendment [was] appropriate because [the proposed defendant] knew of [p]laintiff's claim and lawsuit from the outset" in denying late motion to add proposed defendant (internal quotation marks omitted)); *Badger v. Stryden, Inc.*, No. 09-03619, 2016 WL 3035113, at *5 (E.D. Pa. May 25, 2016) (rejecting plaintiff's belated attempt to add proposed defendants under theory of joint employer liability, as plaintiff had been aware of the potential claims against proposed defendants when an earlier operative pleading had been filed); *cf. Schwartz v. D/FD Operating Servs., L.L.C.*, 205 F.R.D. 166, 168 (D. Del. 2002) (granting motion to add proposed defendants under theory of joint employer liability, as information on proposed defendants was supplied during discovery and was not initially apparent).  Even if Sohn were to express concerns that Kominox and Yoonkon Yang might attempt to make themselves judgment-proof by transferring their assets to Komipharm, Yong Jin Yang, or KMI, such an argument would not satisfy the good-cause requirements of Rule 16.  *See Shedler v. Sokoloff*, No. 16-00728, 2018 WL 4357483, at *3 (D.N.J. Sept. 13, 2018) (denying late motion to add proposed defendant even though current defendant had declared bankruptcy, because plaintiff could have asserted claim against proposed defendant when filing the original complaint).

23.     Upon rejecting the deficient December Letter Request, I granted Sohn several opportunities to attempt to file a proper motion to amend.  (*See* ECF Nos. 39, 41, 45, 49; *see also* ECF entry following ECF No. 51.)  However, the granting of those opportunities in view of the initial December Letter Request, which was filed "after the deadline to add parties imposed by the scheduling order, does not relieve [p]laintiff of the requirement to show good cause under Rule 16." *Shedler*, 2018 WL 4357483, at *1 n.1, *3 (denying motion to add new defendant in Fair Debt Collection Practices Act case, even though plaintiff's initial request for leave to file motion had been overlooked and two subsequent requests to file motion were granted, due to: (a) initial request being filed after amendment deadline had lapsed; and (b) lack of good cause, since proposed new defendant was listed on collection notice and thus known to plaintiff from outset).  Indeed, when a motion to amend is filed after the deadline set forth in the initial

8

scheduling order, and that deadline has not been explicitly extended, a court is not excused from "conduct[ing] a threshold 'good cause' inquiry under Rule 16 prior to conducting an analysis under Rule 15." *Lee v. Park*, No. 12-07437, 2015 WL 1523066, at *2 (D.N.J. Apr. 2, 2015), *aff'd in relevant part*, 720 F.App'x 663, 668–69 (3d Cir. 2017); *see Bolus v. Carnicella*, No. 15-01062, 2020 WL 7059632, at *2 (M.D. Pa. Dec. 2, 2020) (noting that a "Rule 16 analysis is mandatory and not permissive" whenever a party seeks leave to file a motion beyond the court's scheduling order). As I have stated, Sohn has not met the requirements of the Rule 16 analysis.

24. It is disturbing that Sohn belatedly sought to add KMI as a defendant in the February Motion To Amend without highlighting that new development, particularly after Sohn's first three attempts to file a second amended complaint did not mention KMI as a potential defendant at all. (*See* ECF No. 38 (December Letter Request); ECF No. 43 (First January Motion To Amend); ECF No. 46 (Second January Motion To Amend).) Furthermore, in my orders providing Sohn with repeated opportunities to file a proper motion for leave to file a second amended complaint, I did not grant leave to Sohn to alter the allegations to add yet another proposed defendant. I urge Sohn's counsel to be more forthright in his future submissions in this case. In any event, it is doubtful that KMI could be deemed to be a joint employer, as Sohn describes KMI as being a mere "paper company" without "any employees of its own." (ECF No. 52-1 p.5.)

25. Since I am denying the February Motion To Amend under Rule 16, I will not engage in a Rule 15 analysis. *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (affirming a district court's determination that a failure to satisfy the Rule 16 standard was sufficient to deny a motion to amend filed six months after the deadline for amendments to pleadings); *Joy*, 2011 WL 221700, at *3 (holding "[b]ecause [p]laintiffs have not shown 'good cause' [under Rule 16], the Court need not — and, in fact, cannot — proceed to an analysis of whether prejudice exists and whether to grant leave to amend the Complaint under Rule 15(a)"). However, I note that Sohn would not have satisfied the requisites of Rule 15 based upon the elements of undue delay and prejudice. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (setting forth grounds that could justify a denial of leave to amend a pleading under Rule 15 such as undue delay, bad faith, dilatory motive, prejudice, and futility). Sohn knew about the potential amended claims from the outset of the litigation, and he engaged in undue delay by not acting to amend his pleading before the Amendment Deadline. In addition, if the proposed defendants and proposed amended claims were added to the case at this juncture, Kominox and Yoonkon Yang would be prejudiced by requiring to engage in renewed discovery and to defend liability on completely new grounds. Furthermore, I would be required to enter a new scheduling order in this case that is already 18 months old.

Accordingly,

**IT IS** on this   3rd day of **April 2023**   **ORDERED** that:

1. The February Motion To Amend is **DENIED WITHOUT PREJUDICE**.

2. The Clerk is directed to terminate ECF No. 52.

3. The amended complaint (ECF No. 2) remains the operative pleading in this case.

4. The parties are reminded of the telephone status conference scheduled for April 5, 2023 at 1:30 p.m.   (ECF No. 56.)

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES MAGISTRATE JUDGE**
